# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

THOMAS E. BOWLES, III,

                        Plaintiff,

      -v.-                                      1:13-CV-1347
                                                            (GLS/ATB)

STATE OF NEW YORK,

                        Defendant.

THOMAS E. BOWLES, III
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint, submitted for filing by pro se plaintiff Thomas E. Bowles, III. ("Compl.") (Dkt. No. 1). Plaintiff has paid the required filing fee. (*See* Dkt. Entry No. 1).

## I.    Legal Standard

The Court has the authority to dismiss sua sponte a complaint for which plaintiff has paid the filing fee if the complaint presents no arguably meritorious issue. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); *see also Hassan v. United States Dep't of Veteran Affairs*, 137 F. App'x 418, 419-20 (2d Cir. 2005) (affirming sua sponte dismissal and noting that "the district court's putative reliance on § 1915 to dismiss the complaint for failure to state a claim is immaterial, because it had inherent authority to dismiss the fee-paid complaint on the same basis").

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S.

319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward pro se litigants, and must use extreme caution in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald*, 221 F.3d at 363.

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II. **Plaintiff's Allegations**

Plaintiff filed this complaint using a form for civil rights actions pursuant to 42 U.S.C. § 1983. *See generally* Compl. In his complaint, plaintiff asserts that his constitutional rights were violated when his home was foreclosed on "without giving [him] a defense of extraordinary circumstances." *Id.* at 2. According to plaintiff, he should have been given an opportunity to file for bankruptcy and obtain a loan from the "veterans loan administration." Plaintiff further asserts that he is a disabled veteran, and that he was discriminated against based on "ethnic hatred" because he is a

minority. *Id.* at 2-3. Plaintiff names the State of New York as a defendant in the caption of his complaint. *Id.* at 1. He identifies the official position of the defendant as "Supreme Court, Appellate Division, 3rd Department." *Id.* Attached to the complaint is an order from the Third Department denying a motion for reargument.[1] *Id.* at 5. Plaintiff seeks the return of his home[2] and substantial compensatory damages, including his "lost rent" from January 2009 to the present. *Id.* at 3-4.

**III.   Analysis**

    **A.   Eleventh Amendment**

The Eleventh Amendment provides that states have immunity against suits in federal court. *Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). The Eleventh Amendment also bars suits against state officers acting on behalf of the state and state agencies. *See, e.g., Huang v. Johnson*, 251 F.3d 65, 70 (2d Cir. 2001); *Santiago v. New York State Dep't of Correctional Services*, 945 F.2d 25, 28 n.1 (2d Cir. 1991). Exceptions to Eleventh Amendment immunity exist if the state waives immunity and consents to suit in federal court or if Congress abrogates the state's immunity by statute. *Huang*, 251 F.3d at 69.

Here plaintiff names "New York State" as a defendant, and identifies the defendant's "official position" as "Supreme Court, Appellate Division, 3rd

---

[1] The court observes that the Third Department also denied plaintiff's motion to vacate a default judgment entered against him in a proceeding in which the County of Albany sought to foreclose unpaid tax liens against plaintiff's rental property. *In re Foreclosure of Tax Liens by Cnty. of Albany (Bowles)*, 91 A.D.3d 1132 (N.Y. App. Div. 3d Dep't 2012).

[2] The return of plaintiff's home is not listed in his prayer for relief, but is included in his first cause of action. (Compl. at 3).

3

Department." (Compl. at 1). Neither the State of New York nor the court system is a proper defendant in an action for damages. This court must, therefore, recommend dismissal of plaintiff's complaint whether he is attempting to sue New York State, or the Appellate Division, a state entity. *See, e.g., Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (stating that "[a] complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (citation omitted); *Bernstein v. New York*, 591 F. Supp. 2d 448, 465 & n.145 (S.D.N.Y. 2008) (extending immunity to the Appellate Division because the court is an "arm" of New York State and further finding that the Appellate Division is not a "person" for purposes of section 1983) (citing *inter alia*, N.Y. Const. art. 6, § 1; *Zuckerman v. Appellate Div., Second Dep't Supreme Court of State of N.Y.*, 421 F.2d 625, 626 (2d Cir. 1970)).

### B. Judicial Immunity

Judicial actors have absolute immunity for their judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004) (citation omitted). This immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 11, 13 (quotations and citations omitted).

Plaintiff attached to his complaint a Decision and Order from the Supreme Court, Appellate Division, Third Judicial Department. To the extent plaintiff attempts

4

to sue the specific judges who participated in this decision, they are not proper parties. Consequently, this court also recommends dismissal of the complaint against the judicial actors who participated in the decision.

### C. Statute of Limitations

As discussed above, the only defendants mentioned in plaintiff's complaint are immune from suit.[3] Additionally, to the extent plaintiff could assert a section 1983 claim against a proper individual defendant, his claims would likely be barred by the applicable statute of limitations.[4] The "applicable statute of limitations for section 1983 actions arising in New York requires claims to be brought within three years." *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995). A section 1983 cause of action accrues "when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Covington v. City of New York*, 916 F. Supp. 282, 285 (S.D.N.Y. 1996) (citing *Woods v. Candela*, 13 F.3d 574, 575 (2d Cir. 1994)). In

---

[3] Moreover, to the extent plaintiff's complaint asserts a disagreement with the decision of the state court, it is worth noting that "federal district courts lack jurisdiction over suits that are, in substance, appeals from state court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[4] The court also notes that if plaintiff intended to sue the county under section 1983, to hold a county liable for its employees' actions under this statute, a plaintiff must show that "the municipality *itself* causes the constitutional violation at question." *Canton v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in original) (citing *Monell v. N.Y. Dep't of Soc. Servs.* 436 U.S. 658, 694 (1978)). There is no allegation in the complaint that there is a custom or policy in the county that caused plaintiff's injury, or that the act of an employee with final policymaking authority caused his injury. *See Monell*, 436 U.S. at 694; *St. Louis v. Praprotnik*, 485 U.S. 112, 121-23 (1988).

Additionally, to the extent plaintiff wishes to challenge the assessment, levy, or collection of a state tax, the Tax Injunction Act prevents the federal court from exercising jurisdiction over an attempt by plaintiff to prevent the state from collecting taxes. *Miller v. State of New York Div. of Tax Appeals*, 480 F. Supp. 2d 574, 578 (E.D.N.Y. 2007) (citations omitted).

5

determining when a particular claim accrues, courts must focus on when a "plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." *Singleton v. City of New York*, 632 F.2d 185, 192 (2d Cir. 1980).[5]

Liberally construed, it appears that any such claim under section 1983 would be based on the county's allegedly discriminatory actions with respect to the underlying tax foreclosure. This foreclosure appears to have occurred in 2008 or 2009. *See In re Foreclosure of Tax Liens by Cnty. of Albany (Bowles)*, 91 A.D.3d 1132 (N.Y. App. Div. 3d Dep't 2012); *see also* Compl. at 3 (requesting lost rent from January 2009). Plaintiff was aware of this foreclosure, and the default judgment against him, by October 2009 at the very latest. *See id.* at 1133 (noting that plaintiff moved to vacate the default judgment in October 2009). Plaintiff did not file the current complaint until October 24, 2013, well past the expiration of the applicable statute of limitations. *See* Compl.

**D.     Leave to Amend**

Generally, when the court dismisses a pro se complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, the court finds that any attempt of the plaintiff to amend this complaint would be futile, and he would

---

[5] In "rare and exceptional" cases, a plaintiff may invoke the doctrine of equitable tolling to defeat a defense that he did not timely file the action. *See, e.g., Covington v. N.Y. City Police Dep't* 471 F. App'x 28, 30 (2d Cir. 2012); *see also Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005). The plaintiff bears the burden of establishing the basis for equitable tolling. *See Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

still be unable to state a federal claim.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's complaint be sua sponte **DISMISSED WITH PREJUDICE** and it is further

**ORDERED**, that if plaintiff serves the complaint before the District Court issues an order with respect to this Report-Recommendation, any response deadline is stayed pending the District Court's decision, and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **fourteen (14) days** within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), & 6(e).

Dated: November 12, 2013

*Andrew T. Baxter (signature)*
**Andrew T. Baxter**
**U.S. Magistrate Judge**

7