**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**THOMAS E. BOWLES III,**

                          **Plaintiff,**            **1:13-cv-1347**
                                                    **(GLS/ATB)**

            **v.**

**STATE OF NEW YORK,**

                          **Defendant.**

_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Thomas E. Bowles, III
Pro Se
309B Old Niskayuna Road
Latham, NY 12110

**Gary L. Sharpe**
**Chief Judge**

## <u>SUMMARY ORDER</u>

        Plaintiff _pro se_ Thomas E. Bowles III commenced this action  against

the State of New York[1] pursuant to 42 U.S.C. § 1983.  (Compl. at 1, Dkt.

No 1.)  On November 12, 2013, Magistrate Judge Andrew T. Baxter issued

an Order and Report-Recommendation (R&R) recommending that Bowles'

_____

        [1] Although the defendant is named as the State of New York, the
"official position" listed in the complaint is the Supreme Court Appellate
Division, Third Department.  (Compl. at 1.)

complaint be dismissed *sua sponte* with prejudice.  (Dkt. No. 5 at 7.)
Bowles filed timely objections to the R&R.  (Dkt. No. 7.)  For the following
reasons, the R&R is adopted in its entirety.

Bowles' complaint alleges his constitutional rights were violated when
his home was foreclosed upon without providing him a "defense of
extraordinary circumstances."  (Compl. at 2.)  He asserts that he should
have been allowed to file for bankruptcy and obtain a loan from the
"veterans loan administration."  (*Id.*)  Bowles' "causes of action" are (1) that
his home should be returned to him and he should receive treble damages
for "unconstitutional act[s] against [him] and [his] family," and (2) that his
constitutional rights have been violated due to discrimination based on his
minority status and ethnic hatred.[2]  (*Id.*)

In the R&R, Judge Baxter recommended dismissing Bowles'
complaint on three separate grounds.[3]  First, the Eleventh Amendment

_____

[2] In his objections, Bowles further explained that his Armenian
heritage made him a "disadvantaged minority that faced persecution [his]
entire life."  (Dkt. No. 7 at 2.)

[3] The three recommended grounds for dismissal are based on the
interpretation of Bowles' claim as a civil rights action pursuant to 28 U.S.C.
§ 1983.  (Dkt. No. 5 at 2.)  To the extent that the complaint asserts a
disagreement with the decision of the state court foreclosure, it must be
dismissed because, under the *Rooker-Feldman* doctrine, "federal district

provides that states and state officers acting on behalf of the state have immunity against suits in federal court.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).  Bowles' complaint identifies New York State as a defendant and Supreme Court, Appellate Division, Third Department as the "official position."  (Compl. at 1.)  Judge Baxter recommended dismissal, because neither the state nor the Supreme Court, Appellate Division, is a proper defendant in an action for damages.  (Dkt. No. 5 at 3-4.)

Second, judicial actors have absolute immunity for their judicial acts performed in their judicial capacities.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).  To the extent that Bowles attempts to sue judicial actors who participated in the previous decision, Judge Baxter recommended that the complaint be dismissed.  (Dkt. No. 5 at 4-5.)

Third, Judge Baxter concluded that, to the extent that Bowles could assert a § 1983 claim against a defendant not immune from suit, his claims

courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments."  *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005).

would be barred by the applicable statute of limitations.[4]  (Dkt. No. 5 at 5-6); *see Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995) ("The applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years.").

Finally, Judge Baxter recommended dismissing Bowles' complaint with prejudice because any attempt to amend would be futile as Bowles would still be unable to state a federal claim.  (Dkt. No. 5 at 6-7.)

Bowles subsequently filed a timely objection in which he generally objects to Judge Baxter's recommendations.[5]  (Dkt. No. 7.)  Thus, Bowles' objections merit only clear error review.  *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *4-5 (N.D.N.Y. Jan. 18, 2006).  Having reviewed Judge Baxter's recommendations for clear error, and finding none, the R&R is adopted in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

---

[4] Liberally construed, any other § 1983 claim in Bowles' complaint would be based on the county's allegedly discriminatory actions with respect to the underlying tax foreclosure which occurred in or around October 2008.  (Dkt. No. 7 at 3-4.)

[5] Bowles' objections detail the history of the circumstances that he alleges caused him to lose his home and explain his status as a "sovereign entity," but fail to specifically object to any particular element of the R&R.  (Dkt. No. 7.)

4

**ORDERED** that Magistrate Judge Andrew T. Baxter's November 12, 2013 Order and Report-Recommendation (Dkt. No. 5) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Bowles' complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

May 22, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court