**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**THOMAS E. BOWLES III,**

                **Plaintiff,**              **1:13-cv-1347
                                                     (GLS/ATB)**

        v.

**STATE OF NEW YORK,**

                **Defendant.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Thomas E. Bowles, III
Pro Se
30 Eberle Road
Latham, NY 12110

**FOR THE DEFENDANT:**
NO APPEARANCE

## **ORDER**

On May 22, 2014, judgment was entered dismissing this action. (Dkt. No. 13.) For more than a year afterward, plaintiff *pro se* Thomas E. Bowles III persisted in filing largely incomprehensible and nonsensical letters and motions, all of which were either stricken or denied in various orders. (Dkt. Nos. 15, 19, 20, 22-43.[1]) After a two-year hiatus, Bowles

___

[1] On several occasions, the court received documents for filing signed by "Robert H. Ajamian." (Dkt. Nos. 16, 33, 40, 42, 44.) Ajamian is the subject of an anti-filing injunction,

recently filed a motion to reopen the case, (Dkt. No. 47), which the court summarily denied, (Dkt. No. 48). Now before the court is yet another confounding filing. (Dkt. No. 49.)

Bowles' history of vexatious and frivolous filings is well-documented in this action. His post-judgment filings have outnumbered his submissions from commencement to dismissal more than two-fold. Bowles' conduct is not without consequence. Although the court would ordinarily permit Bowles to offer some explanation for his conduct before imposing a leave to file sanction, the circumstances of this case — the action has been closed for more than three years and Bowles has been so advised several times — excuse the need for any such process. In light of the foregoing, Bowles' most recent filing, (Dkt. No. 49), is **STRICKEN** and he is **BARRED** from any future filings <u>in this case</u> without prior leave of the court.

Accordingly, it is hereby

---

which was issued in August 2015. (Dkt. No. 7, 1:15-af-4.) Ajamian and Bowles share the same penmanship, mailing address, and disregard for the court's orders, and the court has little, if any, doubt that Ajamian and Bowles are one in the same. Nonetheless, the anti-filing injunction identifies only Ajamian as the enjoined party. As a consequence, because of the likelihood that Bowles is merely an alias for Ajamian and for the same reasons that an anti-filing junction was issued as to Ajamian, the court refers this matter to Chief Judge Glenn T. Suddaby for consideration as to whether an anti-filing injunction should issue as to Bowles, the order enjoining Ajamian should be amended to include Bowles, or any other action the Chief Judge deems appropriate.

**ORDERED** that, pursuant to 28 U.S.C. § 1651(a) and the court's inherent authority to manage its docket so as to prevent abuse in its proceedings, Bowles is **BARRED** from filing any future *pro se* motion or documents in this action without first obtaining leave of the court; and it is further

**ORDERED** that, in order to seek leave of the court, Bowles shall forward to the court his request for leave, with the reasons the filing should be permitted, and a copy of the proposed filing; and it is further

**ORDERED** that Bowles' filing, dated September 2, 2017, (Dkt. No. 49) is **STRICKEN**; and it is further

**ORDERED** that this matter is referred to Chief Judge Glenn T. Suddaby for consideration as to whether an anti-filing injunction should issue as to Bowles, the anti-filing injunction enjoining Robert H. Ajamian (Dkt. No. 7, 1:15-af-4) should be amended to include Bowles, or any other action the Chief Judge deems appropriate; and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Bowles and the Chief Judge.

**IT IS SO ORDERED.**

September 12, 2017
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge